IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

KENNETH LEE FROST                §

VS.                              §   CIVIL ACTION NO. 1:05cv196

LT. PITTMAN                      §

## MEMORANDUM OPINION

Plaintiff Kenneth Lee Frost, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Lieutenant Pittman and a John Doe defendant.

### Factual Background

On May 29, 2003, plaintiff was incarcerated at the Stiles Unit. At 1:00 p.m., he was placed in the infirmary. At 2:00 p.m., the John Doe defendant, a gang intelligence officer, questioned him about an attack which took place the previous day. Plaintiff told the officer one gang member on his cellblock told another gang member to attack him and that other gang members on the cellblock encouraged the attacker.

Plaintiff states that after he spoke with the John Doe defendant, the defendant went to the cellblock and questioned

plaintiff's attacker in public. He also questioned another inmate who had been harassed by the same gang.

At 2:30 p.m., plaintiff asked an officer in the infirmary what they were going to do with him. The officer told him he was to be returned to the same cellblock because his attacker had been moved to another cellblock. Plaintiff stated he could not return to the cellblock because doors on cells on the cellblock could be illegally opened by inmates.

At 2:45 p.m., defendant Pittman came to the infirmary. After plaintiff told him he was in fear for his life, he told plaintiff he was being returned to his cellblock. At 3:00 p.m., a use of force team came to the infirmary and forced plaintiff to return to his cellblock. Inmates on the cellblock subsequently threatened plaintiff. At approximately 4:00 p.m. on May 30, plaintiff was transferred to another prison unit. Plaintiff does not allege he was attacked after he was returned to his cellblock.

## Analysis

Prior to considering the merits of a plaintiff's claim, a federal court should determine whether a plaintiff has standing to prosecute his claim. The jurisdiction of a federal court may only be invoked when a plaintiff has suffered some threatened or

actual injury as a result of a putatively unconstitutional action. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or otherwise protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490 (1975). "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992).

In this lawsuit, plaintiff alleges his life was placed in danger when he was returned to his cellblock. However, plaintiff does not allege he was attacked by fellow inmates during the approximately 24 hour period he spent in his cellblock before being transferred to another prison unit. As plaintiff has alleged no injury resulting from the allegedly unconstitutional actions of the defendants, he lacks standing to prosecute his claim. The court therefore lacks subject-matter jurisdiction over the claim.

<u>Conclusion</u>

For the reasons set forth above, this case will be dismissed for lack of subject-matter jurisdiction.  A final judgment shall be entered separately.

**SIGNED** this the **29** day of **February, 2008.**

_____
Thad Heartfield
United States District Judge